**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| _____ ) | |
| JOHN LEWERT, individually and on ) | No. 1:14-cv-04787 |
| behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Honorable John W. Darrah |
| ) | |
| v. ) | Magistrate Judge Maria Valdez |
| ) | |
| P.F. CHANG'S CHINA BISTRO, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| | |
| _____ ) | |
| LUCAS KOSNER, individually and on ) | No. 14-cv-04923 |
| behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Honorable Ronald A. Guzman |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| P.F. CHANG'S CHINA BISTRO, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFF LUCAS KOSNER'S MOTION TO RELATE,
REASSIGN, AND CONSOLIDATE CASES**

Plaintiff Lucas Kosner, by his undersigned counsel, respectfully moves this Court,

pursuant to Local Rule 40.4 and Rule 42(a)(2) of the Federal Rules of Civil Procedure, to enter

an Order: (i) finding that the above-captioned cases, *Lewert v. P.F. Chang's China Bistro, Inc.*,

Case No. 14-cv-04787 (the "Lewert Action") and *Kosner v. P.F. Chang's China Bistro, Inc.*,

Case No. 14-cv-04923 (the "Kosner Action") are related; (ii) reassigning the *Kosner* Action to

this Court's docket; and (iii) consolidating the *Lewert* Action and the *Kosner* Action before this Court. In support of his motion, Kosner states as follows:

## PROCEDURAL HISTORY

1.    There are two separate putative class actions against P.F. Chang's China Bistro, Inc. ("P.F. Chang's" or "Defendant") pending in this District, *Lewert* and *Kosner*, both arising from a common set of facts. In each case, the plaintiff, a consumer, alleges that Defendant failed to secure and safeguard his and other customers' personal financial data, including credit and debit card information, in light of the security breach disclosed by Defendant in June 2014.

2.    Currently pending before this Court is a Motion to Certify Class, filed by the *Lewert* Plaintiff. (Dkt. No. 6.)

3.    Plaintiff Kosner seeks to reassign the *Kosner* Action to this Court and to consolidate the *Kosner* Action with the *Lewert* Action. The *Kosner* and *Lewert* Actions relate to the same subject matter, share the same Defendant, seek relief on behalf of similarly defined classes, and raise similar claims such that reassignment and consolidation will serve the interests of convenience and judicial efficiency.

4.    A copy of the *Lewert* Complaint is attached hereto as **Exhibit A.** *Lewert* seeks to remedy unfair and deceptive business practices arising from Defendant's failure to adequately safeguard its customers' debit and credit card numbers. (Ex. A at ¶¶ 1-6.) The named Defendant in *Lewert* is P.F. Chang's China Bistro, Inc. *Id.* at ¶ 11.

5.    *Lewert* seeks relief individually and on behalf of class of United States residents "who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 10, 2014." *Id.* at ¶ 37.

6.     In the alternative, *Lewert* seeks relief individually, and on behalf of: (1) a class of Multi-State-resident consumers "who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 10, 2014;" and (2) a class of Illinois-resident consumers "who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 10, 2014." *Id.* at ¶ 38-39.

7.     A copy of the *Kosner* Complaint is attached hereto as **Exhibit B**. Kosner also seeks to remedy unfair and deceptive business practices arising from Defendant's failure to adequately safeguard its customers' debit and credit card numbers. (Ex. B at ¶¶ 1-7.) The *Kosner* Action asserts similar claims against common Defendant P.F. Chang's, arising from a common set of facts and involving the same security breach. *Id.*

8.     Like *Lewert*, *Kosner* also seeks relief individually, and on behalf of similarly situated classes of consumers "who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 11, 2014." (Ex. B at ¶¶ 36-38.) With respect to the Multi-State class, Kosner avers that states with similar consumer fraud laws include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code§ 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*);

Montana (Mo. Code. § 30-14-101, *et seq*.); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq*.); Nevada (Nev. Rev. Stat. § 598.0915, *et seq*.); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq*.); New Jersey (N.J. Stat. § 56:8-1, *et seq*.); New Mexico (N.M. Stat. § 57-12-1, *et seq*.); New York (N.Y. Gen. Bus. Law § 349, *et seq*.); North Dakota (N.D. Cent. Code § 51-15-01, *et seq*.); Oklahoma (Okla. Stat. tit. 15 § 751, *et seq*.); Oregon (Or. Rev. Stat. § 646.605, *et seq*.); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq*.); South Dakota (S.D. Code Laws § 37-24-1, *et seq*.); Virginia (VA Code § 59.1-196, *et seq*.); Vermont (Vt. Stat. tit. 9, § 2451, *et seq*.); Washington (Wash. Rev. Code § 19.86.010, *et seq*.); West Virginia (W. Va. Code § 46A-6-101, *et seq*.); and Wisconsin (Wis. Stat. § 100.18, *et seq*.). *Id.* at ¶ 37, n.18. These are the same states alleged in the *Lewert* Action to have similar consumer fraud laws as Illinois. *See* Exhibit A, ¶ 38 n.19.

9. Both cases share common claim for breach of implied contract and for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and other state consumer protection statutes, which are materially similar to the Act. (Ex. A at ¶¶ 50-68); (Ex. B at ¶¶ 49-85.)

## ARGUMENT

### A. *Kosner* is Related to *Lewert*

10. Local Rule 40.4(a) provides that "two or more civil cases may be related if one or more of the following conditions are met … (2) the cases involve *some* of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4(a)(1)-(4) (emphasis added). These three conditions are met here, making *Kosner* undoubtedly related to *Lewert*.

11.     As set forth above, both *Kosner* and *Lewert* involve similar facts and also grow out of the same transaction or occurrence. They both arise from Defendant's failure to secure and safeguard its customers' personal financial data, including credit and debit card information, in light of the security breach disclosed by Defendant in June 2014. As is also set forth above, both *Kosner* and *Lewert* are class action suits involving proposed Multi-State and Illinois Resident Classes of consumers who dined at P.F. Chang's and had their personal information compromised. Thus, the cases both involve a common class.

12.     Based on the foregoing, the Court should find that *Kosner* and *Lewert* are related pursuant to Local Rule 40.4(a).

**B.      *Kosner* Should be Reassigned to this Court's Docket.**

13.     Local Rule 40.4(b) provides that a case may be reassigned if each of the following four criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Local Rule 40.4(b)(1)-(4). All of these elements are met here.

14.     The first element is satisfied because both *Lewert* and *Kosner* are pending in this District.

15.     As for the second element, given the substantially similar factual issues involved, reassignment of the *Kosner* Action – and subsequent consolidation of the *Kosner* Action with the *Lewert* Action – would result in a substantial saving of judicial time and effort. Given the factual

and legal overlap, it would be most efficient to have both *Kosner* and *Lewert* pending before this Court.

16.     With respect to the third element, reassignment will not cause any substantial delay.  P.F. Chang's has not answered or filed any responsive pleadings in either the *Lewert* Action or the *Kosner* Action.  Consequently, reassignment of *Kosner* to this Court's docket (and subsequent consolidation of both cases) will not delay the disposition of these cases.

17.     The fourth element is also satisfied.  The common issues of law and fact present in *Kosner* and *Lewert* render them capable of disposition in a single proceeding.  *Compare* Ex. A at ¶ 43 (including as common questions "whether P.F. Chang's failed to use reasonable care and commercially reasonable methods to secure and safeguard its customers' sensitive financial information; whether P.F. Chang's properly implemented its purported security measures to protect customer financial information from unauthorized capture, dissemination, and misuse; whether P.F. Chang's conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.; whether P.F. Chang's conduct constitutes breach of an implied contract; [and] whether Plaintiff and the other members of the Class are entitled to damages, injunctive relief, or other equitable relief") *with* (Ex. B at ¶ 42) ("whether P.F. Chang's failed to use reasonable care and commercially reasonable methods to secure and safeguard its customers' sensitive financial information; whether P.F. Chang's properly implemented its purported security measures to protect customer financial information from unauthorized capture, dissemination, and misuse; whether Defendant's conduct violates the Illinois and other asserted Consumer Fraud Acts; whether Defendant's conduct constitutes breach of an implied contract; and whether Plaintiff and the other members of the Class are entitled to damages, injunctive relief, or other equitable relief").

6

18.     As all of the requisite elements are present, this Court should reassign *Kosner* to this Court's docket pursuant to Local Rule 40.4(b).

**C.     The *Kosner* and *Lewert* Actions Should be Consolidated.**

19.     Rule 42(a)(2) of the Federal Rules of Civil Procedure provides a trial court with the authority to consolidate separately-captioned lawsuits into one case when the actions "involve a common question of law or fact."   Trial courts have broad discretion under Rule 42(a)(2) to consolidate cases.   *See U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).   In exercising their discretion, courts should consider whether the proposed consolidation would promote convenience and judicial economy, and whether consolidation would prejudice any party. *Id.*; *see also Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

20.     Like *Lewert*, the *Kosner* Action arises from Defendant's failure to secure its customers' personal financial data as a result of the security breach disclosed in June 2014. Consolidation is appropriate, and it will not cause any undue delay or prejudice any party.

21.     Consolidating the *Kosner* Action with the *Lewert* Action will preserve judicial resources. Though the matters are not identical, they assert common claims against a common Defendant, seek certification of a common class, and arise out of common facts.   Thus, the Actions are capable of being resolved in a single proceeding.

22.     Consequently, the Actions should be consolidated.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiff Lucas Kosner respectfully requests that this Court enter an Order: (i) finding that *Lewert v. P.F. Chang's China Bistro, Inc.*, Case No. 14-cv-04787 and *Kosner v. P.F. Chang's China Bistro, Inc.*, Case No. 14-cv-04923 are related; (ii) reassigning *Kosner* to this Court's docket; and (iii) consolidating *Lewert* and *Kosner* before this Court.

413826.1

Dated: August 22, 2014                    Respectfully submitted,

                                          LUCAS KOSNER, individually and on behalf of all
                                          others similarly behalf of all others similarly
                                          situated


                                           */s/ Katrina Carroll*
                                          Katrina Carroll, Esq.
                                          *kcarroll@litedepalma.com*
                                          Kyle A. Shamberg, Esq.
                                          *kshamberg@litedepalma.com*
                                          **LITE DEPALMA GREENBERG, LLC**
                                          211 W. Wacker Drive
                                          Suite 500
                                          Chicago, Illinois 60606
                                          312.750.1265

                                          Richard R. Gordon
                                          *richard.gordon@gordonlawchicago.com*
                                          **Gordon Law Offices, Ltd.**
                                          211 West Wacker Drive
                                          Suite 500
                                          Chicago, Illinois 60606
                                          312.332.5200
                                          Fax: 312.236.7727

8

413826.1